**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 9 2021

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HILDA JONES                                        PLAINTIFF

VS.                    CASE NO. 3:21-cv-137-BSM

AL-QUDDUS, LLC
d/b/a/ DAYS INN NEWPORT                          DEFENDANT

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

**COMPLAINT**

Comes the Plaintiff, Hilda Jones, by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

### I. JURISDICTION & VENUE

1. The Court has jurisdiction over the parties and the subject matter of this Complaint under 28 U.S.C. § 1331, 1332, 1343(a)(3), 1343(a)(4), and 1367(a).

2. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of Newark, California, and the Defendant AL-QUDDUS, LLC d/b/a/ Days Inn Newport, is a limited liability corporation with its principal place of business in Newport, Arkansas.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims are based occurred in the Eastern District of Arkansas, Eastern Division.

## II.   PARTIES TO THE CLAIM

4.   Plaintiff, Hilda Jones is a resident of Newark, California at all times pertinent to this cause of action.

5.   Defendant AL-QUDDUS, LLC d/b/a/ Days Inn Newport, is a limited liability corporation with its principal place of business in Newport, Arkansas at all times pertinent to this cause of action.  The Defendant's agent is service is Jenoddin K. Kazi, 2909 Kazi Street, Jonesboro, AR  72401.

### III. STATEMENT OF FACTS

6.   On July 19, 2019, the Plaintiff, Hilda Jones was a guest and business invitee to the Defendant's hotel in Newport, Arkansas.

7.   The Plaintiff, Hilda Jones, on July 19, 2019, stepped into the lobby door of the Defendant's hotel, Days Inns Newport, and as she entered the rug at the entrance of the lobby door was not secure and began to slide and buckle under her feet causing the Plaintiff to fall and be propelled across the lobby floor causing her to sustain personal injuries.

8.   At the time of this incident on July 19, 2019, Defendant, AL-QUDDUS, LLC d/b/a Days Inn Newport was the owners and operator of the hotel where the Plaintiff slipped and fell in Newport, Arkansas.

9.   That the adhesiveness of the rug in the front lobby of the Defendant's hotel, Days Inn Newport did not provide enough grip strength to maintain its position when the Plaintiff was walking on it causing it to slide and affect the Plaintiff's ability to maintain her balance.

10.   Defendant, at all times of the Plaintiff's fall, knew or should have known that the rug that the Plaintiff slipped and fell on created a hazard and was no longer safe and constituted a dangerous condition for the Plaintiff to walk.

## IV.   CAUSE OF ACTION

11.   That Plaintiff realleges and incorporates paragraph 1 through 10 as though set forth word for word herein.

12.   That Defendant is liable for its employees, agents, servants, ostensible agents, apparent agent and/or dual agents that failed to maintain the Defendant's premise in a safe condition for the Plaintiff to enter the lobby without the rug sliding and causing her to fall and sustain personal injuries.

13.   That the Defendant failed to exercise ordinary care in the maintenance of said rug at the entrance lobby by removing the rug when its adhesiveness did not provide a safe area in which Plaintiff could walk without the rug sliding and buckling under her feet.

14.   That the Defendant knew or should have known that the rug that the Plaintiff slipped and fell on was longer safe and created a dangerous hazard which caused an unreasonable right of harm to the Plaintiff.

15.   That the Defendant knew or should have known that the rug in the entrance to its lobby at Days Inn Newport, created a trip hazard and that Plaintiff was unaware of the dangerous condition presented by the slipper rug, but Defendant negligently failed to take steps to either warn the Plaintiff of the unsafe condition or remove the hazard that constituted an unreasonable danger to the Plaintiff, all of which caused the Plaintiff to slip and fall and suffer injuries and damages described herein.

16.   That Defendant's premise was under its complete control and but the negligence of the Defendant under the theory of res ispsa loquitor the Plaintiff would not have fallen on the rug and sustained injuries and damages.

## V. CAUSATION

17. That the Plaintiff realleges and incorporates paragraph 1 through 16 as though set forth word for word herein.

18. As a direct and proximate cause of the negligent acts and omissions of the Defendant set forth herein, the Plaintiff suffered injuries in her health, strength and activities and sustained injuries to her body, and shock to her nervous system.

19. As a direct and proximate cause of the negligent acts and omissions of the Defendant set forth herein, Plaintiff suffered a left thumb plain and x-rays revealed a moderate displaced transverse comminuted fracture through the proximal and mid diaphysis of the distal phalanx of the thumb.

20. As a direct and proximate cause of the negligent acts and omissions of the Defendant set forth herein, Plaintiff suffered injury to her right toe.

21. As a direct and proximate cause of the negligent acts and omissions of the Defendant set forth herein Plaintiff suffered a concussion with headaches and dizziness and vision problems.

22. As a direct and proximate cause of the negligent acts of the Defendant the Plaintiff suffered a mild traumatic brain injury with memory loss.

23. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff suffered injuries to her neck causing an aggravation of her severe degenerative disc disease at C3-7 and C3-6 degenerative reversal of her cervical lordosis and shoulder pain.

24. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff had back pain.

25. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff had muscle spams and weakness and tingling in her left hand.

26. As a direct and proximate cause of negligent acts of the Defendant, the Plainti9ff aggravated her knee and had to have surgery to her left knee to repair a tear in her medial meniscus.

27. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff will require future surgery to her C3 to T1 a posterior decompression and fusion surgery.

28. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff incurred past medical bills of $49,035.91.

29. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff will incur future medical expenses reasonably value at $35,000.00.

30. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff suffered past pain and suffering and will experience future pain and suffering.

31. As a direct and proximate cause of the negligent acts of the Defendant, the Plaintiff has experienced a loss of enjoyment of life.

32. Plaintiff, Hilda Jones claims that she is entitled to recover for the following damages, all of which were proximately caused by the negligence of the Defendant:

(a) Compensatory damages for the reasonable expenses of any necessary medical care and other out of pocket expenses sustained by her and the present value of such expenses reasonably certain to be required in the future;

(b) Compensatory damages for the nature, extent, duration, and permanency of any injury;

(c) Compensatory damages of any scars and disfigurement and other visible results of the injuries sustained by the Plaintiff;

(d) Compensatory damages for the reasonable expense of any necessary help in her home, which was required as a result of her injuries and the present value of each such expense reasonably certain to be required in the future.

(e) Compensatory damages for past pain and suffering and the present value for future pain and suffering expected to be experience in the future.

(f) Compensatory damages for loss of enjoyment of life;

**WHEREFORE**, Plaintiff respectfully prays that she be awarded compensatory damages against the Defendant in an amount that exceeds jurisdictional requirements for a case in controversy under Federal diversity; punitive damages against the Defendant; for her costs, attorney's fees, and all other relief to which she may be entitled.

Respectfully submitted,

Williams M. Hatchett
Hatchett, DeWalt, Hatchett
485 Orchard Lake Road
Pontiac, MI 48341
(248) 334-1587
w.hatchett@hatchettlawfirm.com

Sheila F. Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR  72115
(501)  374-0700 (telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net

*Sheila F Campbell*
Sheila F. Campbell
Ark. Bar # 83-239